PEOPLE OF PUERTO RICO, Plaintiff *v.* ALFREDO DOSAL, Defendant; ORLANDO GONZÁLEZ AND RAFAEL M. GARCÍA, Sureties and Appellants.

No. 7708.    Argued December 22, 1938.—Decided January 20, 1939.

*Angel M. Villamil* and *Carlos Santana Becerra,* for appellants.
*R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Alfredo Dosal, charged with involuntary manslaughter, was released on bail.   The undertaking was that Dosal would appear whenever he or his sureties or either of them should be notified of the date set for trial.   Dosal, a chauffeur, lived at the time in Adjuntas.   His sureties impressed upon him the importance of keeping them informed as to any change of residence.   Later he went to live in Las Piedras and notified the marshal of the district court by mail.   After another change of residence, he saw the marshal and gave his address as "No. 32 Mercurio Clausells, Ponce."   Some

time thereafter he was employed by Félix Gonzàlez at No. 4 Calle Principal, Ponce. He informed his sureties of this last change but neither he nor they notified the marshal.

After the case had been placed on the calendar for trial on October 6, 1937, à citation giving Dosal's address as No. 32 Mercurio, Ponce, was returned not found. One of the sureties, when notified that the case had been set for trial, informed the secretary in a letter dated October 1st that Dosal was employed by Félix Gonzàlez at No. 4 Calle Principal, *barrio* Clausells in Ponce, where he could be easily found through Gonzàlez by the police. This information was accompanied by a request that if any difficulty was encountered the surety be notified so that he might assist in locating Dosal. The secretary said nothing to the marshal about the information contained in this letter until after the date set for the trial.

When Dosal failed to appear on the date set for the trial, the district court ordered that the sureties should appear October 11th and show cause why the undertaking should not be declared forfeited. The sureties did not appear at the time specified and the forfeiture was declared. Later the court overruled a motion to set aside the judgment of October 11th.

The district judge, in his judgment of October 11th, said that Dosal had been duly notified of the date set for trial and informed that in the event of his failure to appear his bond would be declared forfeited, and that he had been duly cited to appear on that day. This is assigned as error. The judge of course was mistaken but in view of the fact that the sureties had been duly notified of the date fixed for the trial and had been ordered to show cause why the bond should not be declared forfeited, the error here complained of is not a sufficient ground for reversal.

The second assignment is that the judgment of October 11th, after declaring a forfeiture, erroneously provided for the immediate issuance of a writ of execution in case the

sureties should fail to pay the amount of the bond when required in accordance with another provision of the same judgment. The question here sought to be raised was decided adversely to the contention of appellants more than thirty years ago in *Rivera* v. *Tous Soto,* 11 P.R.R. 93. In the absence of a stronger showing than that made in the brief for appellants, a re-examination of the question decided in the Tous Soto case seems to us unnecessary.

The third assignment is not wholly without merit. The judgment of October 11th was based on the facts before the court at that time. The motion to set aside that judgment, however, brought to light some extenuating circumstances. A citation addressed to Dosal was dated September 24th and served on the sureties. One of the sureties endorsed thereon a statement that Dosal was in Ponce at No. 4 Calle Principal, *barrio* Clausells, where he was employed by Félix González of Ponce. The endorsement does not disclose the date of service but the surety who signed the statement was the same surety who wrote the secretary of the district court on October 1st. He stated in his letter to the secretary that he had been notified of the day set for the trial. Hence, he had good reason to believe that the citation with the endorsement thereon would be in the hands of the marshal several days at least before the date of the trial. This same surety at the hearing in the district court testified that in the instant case he was undergoing his first experience as a bondsman and when he was informed that the defendant had been re-arrested and again released on bail he thought he had been relieved of further responsibility and from the necessity of appearing on October 11th in response to the order to show cause why a forfeiture should not be declared, but being in doubt he attempted to get the secretary of the district court by telephone and talked to a deputy secretary. The secretary was at the time attending a session of court and the surety requested the deputy to explain the situation to the secretary and to the judge, and, if after consulta-

tion with the secretary, it seemed necessary for the surety to appear, he would do so immediately on receipt of a telephone message to that effect. It must be conceded, of course, that these facts did not justify the failure of the sureties to inform the marshal of defendant's latest change of residence before it became necessary to issue and serve a citation, nor the failure of the sureties to produce defendant on the day set for the trial, nor the failure of the sureties to appear on October 11th in response to the order to show cause, but as we have already said, they are extenuating circumstances. In the light of these circumstances, the requirement that the sureties should pay the full amount of the bond, seems unnecessarily drastic. A judgment providing that if appellants deposit in the district court within ten days after receipt of the mandate $250.00 as penalty for defendant's failure to appear, the judgment of October 11, and the order of December 15 shall be reversed, and that otherwise, that is to say, if appellants do not deposit the said amount, the said judgment and order shall be affirmed, will suffice, we think, to meet the demands of substantial justice.

Mr. Chief Justice Del Toro took no part in the decision of this case.